Filed 12/11/14  P. v. Roundtree CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RICHARD ALLEN ROUNDTREE,<br><br>    Defendant and Appellant. | H040748<br>(Santa Clara County<br>Super. Ct. No. 210300) |

On March 22, 1999, appellant Richard Allen Roundtree pled no contest to seven counts of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c), eight counts of false imprisonment (Pen. Code, §§ 236, 237), and one count of threatening to commit a crime resulting in death or great bodily injury (Pen. Code, § 422).[1]  Appellant also admitted the allegations that he was vicariously armed with a firearm during the commission of eight of the foregoing counts (§ 12022, subd. (a)(1)), that he personally used a firearm in connection with six counts within the meaning of section 12022.5, subdivision (a)(1)), that he personally used a firearm within the meaning of section 12022.53, subdivision (b) in connection with one count, and that he used a firearm within the meaning of section 1203.06 in connection with six counts.  In addition, appellant admitted:  that he had suffered a prior serious felony conviction (§ 667, subd. (a)) as to

---

[1] All future statutory references are to the Penal Code unless otherwise specified.

13 counts; that he had served a prior prison term (§ 667.5, subd. (b)); and that he had two prior convictions which qualified as strikes (§§ 667, subd. (b)-(i); 1170.12.). The trial court sentenced defendant to 50 years to life pursuant to the "Three Strikes" law prior to its amendment in 2012.

On January 27, 2014, the appellant filed a petition for recall of sentence under the Three Strikes Law Reform Act (the Act) and Penal Code section 1170.126. On January 29, 2014, the trial court denied the petition, finding the appellant ineligible for re-sentencing under the provisions of the Act because of his current offenses for robbery and false imprisonment as well as his past strike offenses for "sexually violent offenses." Appellant filed a timely notice of appeal on February 26, 2014. This order is appealable. . (*Teal v. Superior Court* (Nov. 6, 2014, S211708) ___ Cal.4th ___ [2014 Cal. LEXIS 10481].)

On appeal, we appointed counsel to represent appellant in this court. Appointed counsel filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*)), which states the case and the facts but raises no specific issues.

Pursuant to *Serrano,* on August 1, 2014, we notified appellant of his right to submit written argument in his own behalf within 30 days. On August 1, 2014, we received a supplemental brief from appellant. In his brief, appellant contends that we should adopt a different interpretation of section 1170.126. He urges this court to adopt an interpretation which would allow the trial court to consider each of the current strikes "separately" for the purposes of resentencing under the section. Such an interpretation is not consistent with either the specific language or spirit of section 1170.126. Therefore, nothing in appellant's brief raises an arguable issue on appeal, and we must dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

### DISPOSITION

The appeal is dismissed.

2

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

3